IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE HDD COMPANY, INC.,

    Plaintiff,

-vs-

MINNESOTA LIMITED, LLC, *et al.*,

    Defendants.

Civil Action No. 5:21-cv-4024-EFM-GEB

## **DEFENDANT MINNESOTA LIMITED, LLC'S ANSWER TO SOUTHERN STAR'S CROSSCLAIMS**

Defendant MINNESOTA LIMITED, LLC, through its lawyers William C. Walker, Attorney at Law, and Derek S. Casey of TRIPLETT WOOLF GARRETSON, LLC, submits this Answer to Defendant SOUTHERN STAR CENTRAL GAS PIPELINE, INC.'s Crossclaims Against Minnesota Limited. For ease of reference, Southern Star's allegations are restated in italics followed by Minnesota Limited's answer. Minnesota Limited has filed a Motion to Remand (Dkt. 14), to return this case to the District Court of Franklin County. Thus, Minnesota Limited answers by special appearance and without consenting to jurisdiction or Southern Star's removal.

In support of its Answer, Defendant Minnesota Limited, LLC, states:

## **ANSWER**

1. *Southern Star is a Delaware corporation that is in good standing with the State of Kansas.*

<u>Minnesota Limited's Answer:</u> Admitted that Southern Star is a Delaware corporation. Minnesota Limited lacks information sufficient to admit or deny the remainder of this allegation, so it is denied.

2. *Minnesota Limited is a Minnesota limited liability company that is in good standing with the State of Kansas.*

Minnesota Limited's Answer: Admitted.

3. *As referenced above, Southern Star and Minnesota Limited entered into the Contract.*

Minnesota Limited's Answer: Minnesota Limited admits that it and Southern Star entered into a September 17, 2019 contract, which Southern Star has made partial reference to in its Answer to Minnesota Limited's Cross Claim. However, Southern Star's "reference[] above" is to an incomplete and inaccurately described copy of the contract. Accordingly, the remainder of the allegation is denied.

4. *While Minnesota Limited performed some of its work on the Project, it has not completed all of its work and some of its work is defective.*

Minnesota Limited's Answer: Minnesota Limited admits that it performed work on the Project. The remainder of this allegation is denied.

5. *Southern Star has put Minnesota Limited on notice of this defective and incomplete work, but Minnesota Limited has failed to correct this work and has abandoned the Project.*

Minnesota Limited's Answer: Denied. Among other things, the attached correspondence shows that Southern Star refused Minnesota Limited's efforts to address alleged defective work. While still on site, Minnesota Limited offered to remediate settling and terrace concerns, which Southern Star caused. Southern Star refused Minnesota Limited's offers. Then, after it was sued, Southern Star sent a letter claiming "Defective Work" over these same issues and more. *See* Exhibit 1 (3/25/21 Southern Star Letter). Minnesota Limited responded promptly, asked for basic details about the alleged defects, and reiterated its offers to remediate. *See* Exhibit 2 (3/29/21

Minnesota Limited Letter). Southern Star refused these requests too, so that it could "hire a separate contractor." *See* Exhibit 3 (4/2/21 Southern Star Letter).

6. *As a result, Southern Star has had to engage replacement contractors to correct Minnesota Limited's work.*

<u>Minnesota Limited's Answer:</u> Denied.

7. *Minnesota Limited also caused delays to the Project and failed to meet critical deadlines the parties contractually agreed-upon.*

<u>Minnesota Limited's Answer:</u> Denied.

8. *As a result, Southern Star incurred increased costs related to the Project which, but for Minnesota Limited's actions breaching the Contract, Southern Star would not have incurred and for which Southern Star is entitled to compensation.*

<u>Minnesota Limited's Answer:</u> Denied.

9. *Southern Star is entitled to compensation from Minnesota Limited for all of these costs incurred by Southern Star in completing and correcting Minnesota Limited's work and incurred as a result of delays in Minnesota Limited performing its work on the Project.*

<u>Minnesota Limited's Answer:</u> Denied.

10. *In addition, Minnesota Limited has failed to keep the Project free and clear of all liens, including liens for amounts paid to Minnesota Limited, pursuant to the Contract.*

<u>Minnesota Limited's Answer:</u> Minnesota Limited admits that there have been liens placed on Southern Star's property for the Project, but denies that these liens were caused by failures of Minnesota Limited. Given Southern Star has not paid amounts due to Minnesota Limited and that any payments Minnesota Limited has withheld were authorized, the remainder of this allegation is denied.

11. *Specifically, HDD has filed three mechanic's liens for amounts totaling in excess of $5.8 million on both the pipeline and the fee interest of various landowners. In addition, another subcontractor (Hurricane Services, Inc.) has filed a mechanic's lien in the amount of $41,915.00 on the Project.*

<u>Minnesota Limited's Answer:</u>  Admitted.

12. *Pursuant to Articles 5 and 25 of the Contract, Minnesota Limited agreed to indemnify, defend, and hold Southern Star harmless from any mechanic's liens filed on the project by Minnesota Limited's subcontractors and suppliers.*

<u>Minnesota Limited's Answer:</u>  This allegation contains a legal conclusion to which no response is required.  To the extent a response is required, this allegation is denied.

13. *Southern Star has made demand on Minnesota Limited to indemnify, defend, and hold Southern Star harmless from HDD's mechanic's liens, but Minnesota Limited has failed to do so.*

<u>Minnesota Limited's Answer:</u> Denied.  Southern Star's counsel did email Minnesota Limited's counsel a letter on April 13, 2021 (dated April 12) regarding indemnity and holding Southern Star harmless.  Minnesota Limited's counsel responded by April 23, 2021 letter, explaining that among other things Southern Star's indemnification "provisions are unenforceable under Kansas law.  *See* K.S.A. § 16-121(b)."

14. *Pursuant to Article 5 of the parties' contract, Minnesota Limited is required to compensate Southern Star for all of Southern Star's expenses of litigation, court costs, attorney's fees and expenses, judgments, settlements, and all other expenses and costs incidental to the defense or satisfaction of any legal process contemplated thereof which are incurred as a result of*

*HDD's mechanic's lien and all enforcement actions brought by HDD related to its mechanic's liens.*

Minnesota Limited's Answer: Denied.

15. *Southern Star has satisfied all conditions precedent under the Contract and the law prior to bringing this action.*

Minnesota Limited's Answer: Denied.

**COUNT I – Breach of Contract**

16. *Southern Star re-incorporates and re-states its allegations in paragraphs 1 through 15 of its Cross claim against Minnesota Limited as if set forth fully herein.*

Minnesota Limited's Answer: Minnesota Limited hereby incorporates by reference its responses to the allegations in Paragraphs 1 through 15 above as though fully set forth herein.

17. *Southern Star's and Minnesota Limited's Contract is supported by valid and sufficient consideration. A copy of the Contract is attached hereto as Exhibit A.*

Minnesota Limited's Answer: Minnesota Limited admits it entered into a September 17, 2019 contract with Southern Star. The remainder of the allegation is denied.

18. *Southern Star has fully performed under the Contract; however, Minnesota Limited has not by failing to correct certain defective work, not completing its work, and causing delays in the performance of its work on the Project.*

Minnesota Limited's Answer: Denied.

19. *Southern Star has put Minnesota Limited on notice and given them an opportunity to cure these defaults, but, to date, Minnesota Limited has failed to do so.*

Minnesota Limited's Answer: Denied.

20. *Southern Star has been forced to engage a replacement contractor to complete Minnesota Limited's work, and incurred increased costs as a result of Minnesota Limited's delays in the performance of its work on the Project.*

Minnesota Limited's Answer: Denied.

21. *As a result, Southern Star has incurred and will continue to incur damages to complete Minnesota Limited's scope of work.*

Minnesota Limited's Answer: Denied.

WHEREFORE, Minnesota Limited respectfully requests that this Court enter judgment in its favor of Minnesota Limited and against Southern Star on Count I of its crossclaim by dismissing Count I with prejudice, and granting Minnesota Limited recovery of its attorneys' fees, expenses, and costs, insofar as allowed by law, with such other and further relief as the Court deems just and equitable.

### **COUNT II - Indemnification**

22. *Southern Star re-incorporates and re-states its allegations in paragraphs 1 through 21 of its Crossclaim against Minnesota Limited as if set forth fully herein.*

Minnesota Limited's Answer: Minnesota Limited hereby incorporates by reference its responses to the allegations in Paragraphs 1 through 21 above as though fully set forth herein.

23. *Southern Star and Minnesota Limited entered the Contract supported by valid and sufficient consideration.*

Minnesota Limited's Answer: Minnesota Limited admits it entered into a September 17, 2019 contract with Southern Star. The remainder of the allegation is denied.

24. *Articles 5 and 25 of the Contract contain an indemnification clause wherein Minnesota Limited agreed to keep the project free and clear of mechanic's liens, and indemnify,*

*defend, and hold Southern Star harmless relating to any mechanic's lien (and lawsuits to enforce mechanic's liens) which arose out of the Project.*

<u>Minnesota Limited's Answer:</u> Denied.

25. *This included "paying all expenses of litigation, court costs, attorney's fees and expenses, judgments, settlements, and all of other expenses and costs incidental to the defense or satisfaction of any legal process contemplated herein."*

<u>Minnesota Limited's Answer:</u> Denied.

26. *HDD has filed three mechanic's liens relating to the Project and has filed the above-captioned case to enforce the same.*

<u>Minnesota Limited's Answer:</u> Minnesota Limited admits that HDD has filed three mechanic's liens relating to the Project and seeks to enforce those liens in this case. The remainder of this allegation is denied.

27. *Southern Star has put Minnesota Limited on notice of these mechanic's liens and foreclosure action and demanded that Minnesota Limited fulfill its indemnification obligations under Southern Star's and Minnesota Limited's contract.*

<u>Minnesota Limited's Answer:</u> Minnesota Limited denies that Southern Star put it on notice of HDD's lien filings, but admits Minnesota Limited did receive notice of HDD's liens and this lawsuit. Minnesota Limited admits it received a letter from Southern Star's outside counsel sent on April 13, 2021 about indemnification. The remainder of this allegation is denied.

28. *However, Minnesota Limited has refused to indemnify or agree to reimburse Southern Star for all of its litigation expenses incurred in defending itself from the three HDD mechanic's liens.*

Minnesota Limited's Answer: Minnesota Limited admits it has not agreed to indemnify or reimburse Southern Star for all of its litigation expenses in defending against itself from the three HDD mechanics liens. The remainder of the allegation is denied.

*29.    Southern Star has been and will continue to be damaged by Minnesota Limited's failure to indemnify it.*

Minnesota Limited's Answer: Denied.

WHEREFORE, Minnesota Limited respectfully requests that this Court enter judgment in its favor of Minnesota Limited and against Southern Star on Count II of its crossclaim by dismissing Count II with prejudice, and granting Minnesota Limited recovery of its attorneys' fees, expenses, and costs, insofar as allowed by law, with such other and further relief as the Court deems just and equitable.

**RESIDUAL DENIAL**

Unless specifically admitted, Minnesota Limited denies the allegations of the Complaint.

**DEFENSES**

Minnesota Limited states the following defenses to Southern Star's Crossclaims, but does not assume the burden of proof on any such defense unless required by applicable law.

**FIRST DEFENSE**

Southern Star's Crossclaims fail to state a claim on which relief can be granted.

**SECOND DEFENSE**

The indemnification provisions in Articles 5 and 25 of the September 17, 2019 contract are unenforceable under the law.

**THIRD DEFENSE**

Southern Star's Crossclaims fail under the terms of the September 17, 2019 contract.

**FOURTH DEFENSE**

Southern Star's Crossclaims fail because its own actions and/or omissions caused or contributed to its alleged claims or damages.

**FIFTH DEFENSE**

Southern Star's Crossclaims are barred, in whole or in part, by the doctrines of assumption of risk, prior material breach, departure, modification, ratification, waiver, release, estoppel, ripeness, contributory negligence or comparative fault, prevention of performance, setoff, and failure to meet conditions precedent.

**SIXTH DEFENSE**

Southern Star is not entitled to relief under the doctrine of unclean hands and/or laches.

**SEVENTH DEFENSE**

Southern Star failed to mitigate, reduce, or otherwise avoid its alleged costs and damages.

**EIGHTH DEFENSE**

Southern Star would be unjustly enriched if it received the relief prayed for in the Crossclaims.

**NINTH DEFENSE**

Minnesota Limited currently has insufficient knowledge and information upon which to form a belief as to whether it may have additional defenses. It therefore reserves the right to assert additional defenses in the event that discovery or investigation indicates that such defenses are appropriate.

WHEREFORE, Defendant MINNESOTA LIMITED, LLC, through its lawyers William C. Walker, Attorney at Law, and Derek S. Casey of TRIPLETT WOOLF GARRETSON, LLC, demands JUDGEMENT against Defendant SOUTHERN STAR CENTRAL GAS PIPELINE,

1 INC., denying and dismissing its Crossclaims with prejudice and allowing Minnesota Limited
2 recovery of its attorneys' fees, expenses, and costs, insofar as allowed by law, with such other
3 further relief as the Court deems just and equitable.

## **CERTIFICATE OF SERVICE**

I certify, pursuant to D. Kan. Rule 5.4.9, that service of this document was accomplished through the Notice of Electronic Filing for parties and attorneys who are filing users in this case.

    Respectfully submitted,

    William C. Walker, #11978
    walkerlaw66032@yahoo.com
    ATTORNEY AT LAW
    112 West Fifth Avenue
    Garnett, Kansas 66032
    (785) 448-3747
    (785) 448-5529 (Facsimile)

    *-and-*

    Derek S. Casey, #15215
    dscasey@twgfirm.com
    TRIPLETT WOOLF GARRETSON, LLC
    2959 North Rock Road, Suite 300
    Wichita, Kansas 67226
    (316) 630-8100
    (316) 630-8101 (Facsimile)
    www.twgfirm.com

    /s/Derek S. Casey
    *Attorneys for Defendant Minnesota Limited, LLC*

    (TWG18291.001/842325.01)