IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE HDD COMPANY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MINNESOTA LIMITED, LLC.<br><br>and<br><br>SOUTHERN STAR CENTRAL GAS PIPELINE, INC.<br><br>Defendants. | Civil Action No. 5:21-cv-4024-EFM-GEB |

## **PLANTIFF THE HDD COMPANY, INC.'S FIRST AMENDED COMPLAINT**

Plaintiff The HDD Company, Inc., an Oregon Corporation ("HDD"), by and through counsel, for its First Amended Complaint, states the following allegations and claims against Defendants Minnesota Limited, LLC, a Minnesota Corporation ("MNLTD") and Southern Star Central Gas Pipeline, Inc. ("Southern Star"), a Delaware Corporation.

## **THE PARTIES**

1. The HDD Company, Inc. is an Oregon Corporation authorized to do business in the state of Kansas, with its principal place of business at 4525 Serrano Parkway, Office Suite 210, El Dorado Hills, CA 95762.

2. Defendant Minnesota Limited, LLC is a Minnesota Limited Liability Corporation authorized to do business in the state of Kansas, with its principal place of business at 18640 200th Street, PO Box 410, Big Lake, MN 55309.

1

3. Defendant Southern Star Central Gas Pipeline, Inc. ("Southern Star") is a Delaware Corporation authorized to do business in the state of Kansas, with its principal place of business at 4700 Highway 56, Owensboro, Kentucky, 42301.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount sought by HDD is in excess of $75,000, but would also be proper in the District Court of Franklin County, pursuant to K.S.A. § 60-308(b), in that defendants conducted business and entered into contracts in the state of Kansas and that the properties at issue are located in Kansas.

5. Venue is proper in this judicial district district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this judicial district, and would also be proper in the District Court of Franklin County, Kansas pursuant to K.S.A. § 60-604 in that the agreement was to be performed in part in Franklin County, the pipeline project is located in Franklin County, and the properties at issue are located in Kansas. *See* Subcontract Agreement attached as Exhibit 1 and incorporated by reference.

## FACTUAL ALLEGATIONS

6. HDD is a leading supplier of Horizontal Directional Drilling services for the installation, replacement, and rehabilitaion of pipelines and utilities at vital crossings. HDD provides services throughout the nation.

7. MNLTD is a pipeline transmission contractor doing business in many states.

8. MNLTD entered into a contract with Southern Star to install 31.5 miles of 36" pipe through Franklin and Anderson County, Kansas, referred to as Project KS – C60266 ("Project" or "Pipeline Project").

9. On January 9, 2020, HDD submitted a quote for directional drilling services and installation of the 36 inch steel pipeline at specific crossings for the Project. *See* Quote, Exhibit 2, included and incorporated within Subcontract Agreement, Exhibit 1.

10. On January 17, 2020, HDD entered into an agreement with MNLTD to provide the HDD services quoted. The amount of the agreement was for $6,185,936.00. Exhibit 1.

11. Per the Subcontract Agreement, payment was to be made through monthly progress payments "within seven (7) days after [MNLTD] receive each monthly payment from the project owner, but in no event later than 120 days from the date [MNLTD] received [HDD]'s invoice." A final payment was to be made within 30 days after MNLTD received HDD's final billing and HDD's work has been compelted and accepted. Exhibit 1.

12. The Subcontract Agreement provided that HDD's compensation and time for completion would be equitably adjusted to account for any resulting delay and added costs due to differing site conditions. Exhibit 1.

13. The Subcontract Agreement provided that "All work stoppages that arise through no fault of The HDD Company will be billed at $14,500 (no crew on site)." Exhibit 1.

14. The Subcontract Agreeent required that MNLTD "[P]rovide and maintain suitable truck access to and from entry and exit locations" and "[P]rovide stable, level, matted and/or graveled work pads for each bore." Exhibit 1.

15. Southern Star designed the pipe to be used, the method of installation, the location of the entry and exit points, and the diameter of the borehole for each horizontal directional drill.

16. Within the Subcontract Agreement, HDD excluded all design responsibility: "The HDD Company and its personnel are not the Project Engineers. Therefore we exclude all design and engineering services unless any are specifically noted as included in this proposal. Any drilling

plans or profiles that we submit to you will be based upon the design information in the contract documents and our experience as HDD contractors. Any plans or profiles we provide are recommendations only and are subject to review and approval by the project owner and/or its engineers." Exhibit 1.

17. HDD's work on the project is complete.

18. MNLTD has made payments in the amount of $3,115,029.19. The upaid balance of $ 2,471,266.81, as well as retainage withheld of $599,640.00, leaves a balance due and owing of $3,070,906.81.

19. Due to no fault of HDD, delays occurred on the project. Delays were incurred due to weather, including lightning strikes, as well as insufficient site access for HDD equipment.

20. As contemplated within the Subcontract Agreement, HDD incurred delay expenses of $159,868.58 as well as standby expenses of $500,975.00.

21. Due to improper design of the bore and pipe, coating damage occurred. Due to the coating damage, HDD was tasked with reinstalling the pipe. The extra work and resulting delays due to extraction, and re-installation of the pipe resulted in additional costs to HDD of $1,600,392.89.

22. Due to undisclosed differing site conditions, HDD incurred additional boring and delay expenses of $555,000.

23. A total balance due and owing to HDD under the Subcontract Agreement, delays, extra work, and change orders from improper design and undisclosed differing site conditions is $5,887,143.28.

24. Demand has been made on this unpaid balance. MNLTD, without justification or excuse, has refused to make further payments on the amounts due.

## COUNT I – BREACH OF CONTRACT

25. HDD hereby incorporates by reference the allegations contained in paragraphs 1 through 33 above as though fully set forth herein in their entirety.

26. The Subcontract Agreement constitutes a valid, binding, and enforceable agreement.

27. HDD performed on the Subcontract Agreement by providing the material and labor identified in the Agreement.

28. MNTLD materially breached its duties and obligations under the agreement by failing to pay HDD amoutns due pursuant to the terms of the Agreement.

29. Due to the breach of the Agreement by MNLTD, HDD has been harmed and is entitled to damages.

WHEREFORE, Plaintiff The HDD Company, Inc. prays this Court enter judgment against defendant Minnesota Limited, LLC for the amount due under the Subontract Agreement, which is $5,887.143.28; prejudgment interest from and after October 9, 2020; post-judgment interest; and such other relief as the Court deems just in the circumstances.

## COUNT II – QUANTUM MERUIT

30. In the alternative to its allegations of Breach of Contract (Count I), HDD asserts its quantum meruit claim as follows.

31. HDD performed work under circumstances consistent with contract relations on the Pipeline Project that conferred a benefit upon MNLTD.

32. At all relevant times, MNLTD knew or should have known that HDD was performing work on the Pipeline Project.

33. MNLTD acquiesced and accepted the work which directly benefitted MNLTD.

34. The fair and reasonable value of the work perofrmed under the Contract is $9,002,172.47.

35. As of this date, HDD has been paid $3,115,029.19 for its work on the Project.

36. HDD is still owed $5,887.143.28 for the work on the Project despite making demand for the same.

37. MNLTD received and retained the benefit of $9,002,172.47 worth of work performed by HDD without paying for the same.

38. As a direct result of MNLTD's failure to pay for the work on the Project, HDD has been damaged in the amount of $5,887,143.28.

39. It would be inequitable and unjust for MNLTD to retain the benefit of the work provided by HDD without paying for the same.

WHEREFORE, HDD prays this Court for its judgment in favor of HDD and against MNLTD for damages recognizing the value of the benefit conferred to MNLTD in the amount of $5,887.143.28, and for any other and further relief that the Court deems just and proper under the circumstances.

## COUNT III UNJUST ENRICHMENT

40. In the alternative to its claims for breach of contract and quantum meruit, HDD asserts its claim for unjust enrichment as follows.

41. HDD performed work on the Pipeline Project that conferred a benefit upon MNLTD.

42. At all relevant times, MNLTD knew or should have known that HDD was performing work on the Pipeline Project, and acquiesced and accepted the work which directly benefitted MNLTD.

43. The fair and reasonable value of the work performed under the Contract is $9,002,172.47.

44. As of this date, HDD has been paid $3,115,029.19 for its work on the Project.

45. HDD is still owed $5,887.143.28 for the Work on the Project despite making demand for the same.

46. MNLTD received and retained the benefit of $9,002,172.47 worth of work performed by HDD without paying for the same.

47. As a direct result of MNLTD's failure to pay for the work on the Project, HDD has been damaged in the amount of $5,887,143.28.

48. It would be inequitable and unjust for MNLTD to retain the benefit of the work provided by HDD without paying for the same.

WHEREFORE, HDD prays this Court for its judgment in favor of HDD and against MNLTD for damages recognizing the value of the benefit conferred to MNLTD in the amount of $5,887.143.28, and for any other and further relief that the Court deems just and proper under the circumstances.

### COUNT IV FORECLOSURE OF MECHANIC'S LIEN ON SOUTHERN STAR PIPELINE PROJECT (K.S.A. 55-208)

49. HDD hereby incorporates by reference the allegations contained in paragraphs 1 through 24 above as though fully set forth herein in their entirety

50. HDD seeks foreclosure of its lien on the Southern Star Pipeline Project purusant to Kansas law.

51. HDD furnished work on the Pipeline Project beginning on or about January 17, 2020 and the work was furnished for, applied to, used and consumed in the Pipeline Project.

52. HDD's work furnished for, applied to, used and consumed in the Pipeline Project is set out in the statement of account showing the amount still due and owing attached as Exhibits B-D of HDD's Pipeline Project Mechanic's Lien, and incorporated herein as Exhibits 3, 4, and 5.

53. In spite of HDD's demand for payment, MNLTD failed and refused to pay the now oustanding balance of $5,887,143.28.

54. On January 6, 2021, and within four months of the last date that HDD performed work on the Pipeline Project, HDD properly filed its mechanic's lien against the Pipeline Project with the Clerk of the District Court of Franklin County, Kansas, which has been designated Mechanic's Lien No. FR-2021-SL-000002 ("Pipeline Project Mechanic's Lien"). A true and accurate copy of HDD's Pipeline Project Mechanic's Lien is attached to this Petition as Exhibit 6.

55. HDD fully complied with all statutory requirements under K.S.A. 55-208, et. Seq. when it filed its Pipeline Project Mechanic's Lien.

56. After filing its Pipeline Project Mechanic's Lien, HDD filed a notice of the Lien in Anderson County, KS, attached hereto as Exhibit 7.

57. HDD sent copies of the Pipeline Project Mechanic's Lien to MNLTD and Southern Star via certified mail which were received on January 15, 2021. Return receipts for the Mechanic's Lien are attached as Exhibit 8 and Exhibit 9.

58. HDD notified all of the landowners of the Pipeline Project Mechanic's Lien. A copy of the return of service receipts are attached to this Petition as Exhibit 10 (Bures), 11 (Pickert Family Trust), 12 (Rayne), 13 (Rayne Family Trust), 14 (Oswego), and 15 (Black).

59. This lawsuit to enforce HDD's Pipeline Project Mechanic's Lien was filed less than one year after the Pipeline Project Mechanic's Lien was filed.

60. The amounts claimed and prices stated in HDD's Pipeline Project Mechanic's Lien are the fair and reasonable value of the labor and materials HDD supplied or performed to improve the Pipeline as set for in HDD's Pipeline Project Mechanic's Lien Exhibits B and C, incorporated herein as Exhibits 3 and 4.

61. All of the work described in HDD's Pipeline Project Mechanic's Lien was incorporated into and directy benefitted and improved the Pipeline Project.

62. At the time it was filed, the Mechanic's Lien was a true and accurate account of HDD's work and demand of MNLTD, allowing a credit for all valid setoffs and itemizing the labor and materials supplied by HDD for the Pipeline Project.

63. HDD has performed and complied with all conditions precedent to the creation and enforcement of its mechanic's lien, including service of its mechanic's lien on MNLTD and Southern Star.

64. HDD's lien on the Pipeline Project, being properly perfected under Kansas law, entitles HDD to foreclose said Pipeline interest installed on the Pipeline which is held for the debt contracted, the proceeds of which shall be used to satisfy the encumbrances on said Pipeline in the priority established by this Court.

65. All of the Work described in HDD's Lien was furnished to MNLTD on the faith and credit of HDD's lien rights against the Pipeline Project.

66. All of the Work described in HDD's lien directly benefitted and improved the Pipeline Project.

67. MNLTD was obligated, but failed to pay HDD for the work furnished to improve the Pipeline Project.

WHEREFORE, Plaintiff The HDD Company, Inc. prays this Court enter judgment foreclosing Mechanic's Lien FR-2021-SL-000002 in the principal amount of $5,887.143.28; prejudgment interest from and after October 9, 2020; post-judgment interest; its costs, for a special judgment and decree that HDD is adjudged to have a valid and existing mechanic's lien against the aforesaid Pipeline; that HDD's mechanics lien be adjudged and decreed to be prior and superior to any other lien or claim against said Pipeline; and such other relief as the Court deems just in the circumstances.

## JURY TRIAL DEMAND

Plaintiff The HDD Company, Inc. demands a trial by jury on any issue so triable

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *David B. Raymond*

| | |
|---|---|
| David B. Raymond | KS #14004 |
| Michael J. Kelly | KS #25666 |

4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 (Phone)
(816) 983-8080 (FAX)
david.raymond@huschblackwell.com
mike.kelly@huschblackwell.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing electronically filed with the United States District Court for the District of Kansas this 21st day of May, 2021, with notice of case activity generated and sent to attorneys who are filing users in this case. Counsel will serve a copy the foregoing by U.S. Mail to the following parties who are currently unrepresented:

Rene and Anita Bures
31443 NW Meade Rd.
Richmond, KS 66080

Rural Water District No. 4
501 N. Olive Street
Garnett, KS 66032

Anderson County
100 E. 4th Avenue
Garnett, KS 66032

John T. Rayne
12 Overhill Drive
Paola, KS 66071

Patrick Arthur Rayne and Kelly Lee Rayne Family Trust under trust agreement dated April 12, 2016
102 Crestview Dr.
Paola, KS 66071

Pickert Family Trust, Keith J. Pickert, and Mary J. Pickert
47890 Deer Trail Dr. Canton, Michigan 48187

/s/ *David B. Raymond*
Attorney for Plaintiff