# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE HDD COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-cv-04024-EFM-GEB |
| MINNESOTA LIMITED, LLC, *et al.*, | ) |
| Defendants. | ) |

## SOUTHERN STAR'S ANSWER TO HDD'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Southern Star Central Gas Pipeline, Inc. ("Southern Star"), by and through its undersigned counsel of record, answers and counterclaims Plaintiff The HDD Company, Inc.'s ("HDD") First Amended Complaint (the "Complaint") as follows:

## ANSWER TO HDD'S FIRST AMENDED COMPLAINT

### THE PARTIES

1. Upon Southern Star's information and belief, Southern Star admits paragraph 1 of the Complaint.

2. Upon Southern Star's information and belief, Southern Star admits paragraph 2 of the Complaint.

3. Southern Star admits paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Southern Star admits that jurisdiction is proper in this Court.

5. Southern Star admits that venue is proper in this judicial district.

### FACTUAL ALLEGATIONS

6. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 6 of the Complaint, and, therefore, denies the same.

7. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 7 of the Complaint, and, therefore, denies the same.

8. Southern Star admits paragraph 8 of the Complaint. Southern Star further states that a true and accurate copy of this Contract is attached as Exhibit A to Southern Star's Answer and Cross claim against Minnesota Limited, LLC ("Minnesota Limited") filed on April 22, 2021 (Doc. 7).

9. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 9 of the Complaint, and, therefore, denies the same.

10. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 10 of the Complaint, and, therefore, denies the same.

11. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 11 of the Complaint, and, therefore, denies the same.

12. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 12 of the Complaint, and, therefore, denies the same.

13. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 13 of the Complaint, and, therefore, denies the same.

14. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 14 of the Complaint, and, therefore, denies the same.

15. Southern Star denies paragraph 15 of the Complaint.

16. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 16 of the Complaint, and, therefore, denies the same.

17. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 17 of the Complaint, and, therefore, denies the same.

18. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 18 of the Complaint, and, therefore, denies the same.

19. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 19 of the Complaint, and, therefore, denies the same.

20. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 20 of the Complaint, and, therefore, denies the same.

21. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 21 of the Complaint, and, therefore, denies the same.

22. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 22 of the Complaint, and, therefore, denies the same.

23. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 23 of the Complaint, and, therefore, denies the same.

24. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 24 of the Complaint, and, therefore, denies the same.

## **COUNT I – BREACH OF CONTRACT**

Paragraph 25 to 29 of the Complaint do not state a claim against Southern Star, therefore, no response is required. To the extent that a response is required, Southern Star denies paragraph 25 to 29 of the Complaint.

## **COUNT II – QUANTUM MERUIT**

Paragraph 30 to 39 of the Complaint do not state a claim against Southern Star, therefore, no response is required. To the extent that a response is required, Southern Star denies paragraph 30 to 39 of the Complaint.

### COUNT III – UNJUST ENRICHMENT

Paragraph 40 to 48 of the Complaint do not state a claim against Southern Star, therefore, no response is required. To the extent that a response is required, Southern Star denies paragraph 40 to 48 of the Complaint.

### COUNT IV – FORECLOSURE OF MECHANIC'S LIEN ON SOUTHERN STAR PIPELINE PROJECT (K.S.A. 55-208)

49. Southern Star incorporates by reference its responses to paragraphs 1 through 48 of the Complaint as if set forth fully herein.

50. Southern Star admits that HDD is seeking to foreclose on its lien, but denies that said lien or foreclosure action is valid.

51. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 51 of the Complaint, and, therefore, denies the same.

52. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 52 of the Complaint, and, therefore, denies the same.

53. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 53 of the Complaint, and, therefore, denies the same.

54. Southern Star denies paragraph 54 of the Complaint.

55. Southern Star denies paragraph 55 of the Complaint.

56. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 56 of the Complaint, and, therefore, denies the same.

WA 16635446.1

57. Southern Star admits the allegations in paragraph 57 of the Complaint to the extent that Southern Star received copies of the purported Mechanic's Lien. Otherwise, Southern Star lacks knowledge or information sufficient to format a belief about the truth of paragraph 57 of the Complaint, and, therefore, denies the same.

58. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 58 of the Complaint, and, therefore, denies the same.

59. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 59 of the Complaint, and, therefore, denies the same.

60. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 60 of the Complaint, and, therefore, denies the same.

61. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 61 of the Complaint, and, therefore, denies the same.

62. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 62 of the Complaint, and, therefore, denies the same.

63. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 63 of the Complaint, and, therefore, denies the same.

64. Southern Star denies paragraph 64 of the Complaint.

65. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 65 of the Complaint, and, therefore, denies the same.

66. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 66 of the Complaint, and, therefore, denies the same.

67. Southern Star lacks knowledge or information sufficient to form a belief about the truth of paragraph 67 of the Complaint, and, therefore, denies the same.

WA 16635446.1

WHEREFORE, Southern Star respectfully requests that this Court enter judgment in its favor and against HDD on Count IV of the Complaint, award Southern Star its costs incurred herein, and for all such further and additional relief as this Court deems just.

## **AFFIRMATIVE DEFENSES**

1. All of the causes of action asserted by HDD in its Complaint fail to state a claim upon which relief can be granted.

2. HDD's mechanic's lien in Counts IV is invalid and unenforceable because: (1) Minnesota Limited is not entitled to any further payment on the Project; (2) the mechanic's liens were not timely filed; (3) each of the mechanic's liens fails to properly itemize HDD's claim; and (4) each of the mechanic's liens were not properly verified.

3. All of HDD's claims for extra work are barred because: (1) this work was within Minnesota Limited's and HDD's original scope of work on the Project; and (2) any recovery by HDD on its mechanic's liens is limited to what Minnesota Limited can recover from Southern Star which is nothing.

4. All of HDD's claims fail for lack of consideration.

5. All of HDD's claims are barred by the doctrines of waiver, laches, and estoppel.

6. HDD has failed to mitigate its damages which reduces or bars the damages sought in its Complaint.

7. Southern Star is entitled to an offset, set-off, or deduct as a result of HDD's defective work on the project which damaged Southern Star.

8. Southern Star reserves the right to amend its answer to assert additional affirmative defenses as discovery is on-going.

## COUNTERCLAIM

1. Southern Star is a Delaware corporation that is in good standing with the State of Kansas.

2. HDD is an Oregon corporation that is in good standing with the State of Kansas.

3. As referenced above, HDD was a subcontractor to Minnesota Limited on the Project and performed work on the Project.

4. However, some of HDD's work on the Project was defective which caused HDD to incur additional costs to correct HDD's work and delayed the completion of the Project.

5. More specifically, HDD's drilling work was not in compliance with the specifications for the Project, and, while performing some of its drilling work, Southern Star's pipeline was damaged.

6. As a result, Southern Star incurred increased costs related to the Project which, but for HDD's actions, Southern Star would not have incurred and for which Southern Star is entitled to compensation.

7. Southern Star has satisfied all conditions precedent under prior to bringing this counterclaim against HDD.

## COUNT I – Negligence

8. Southern Star re-incorporates and re-states its allegations in paragraphs 1 through 7 of its Counterclaim against HDD as if set forth fully herein.

9. At all relevant times, HDD owed a duty to Southern Star to perform its work in a good and workmanlike manner consistent with reasonable care, industry standards, the Project's specifications, Southern Star's direction, and in compliance with all applicable codes.

10. At all relevant times, HDD owed Southern Star a duty to perform work with reasonable care so as to avoid damage to Southern Star's property.

11. HDD breached its duties, through the following acts/omissions constituting negligence, including but not limited to:

    a. Failing to properly perform its drilling work;

    b. Damaging Southern Star's pipeline through its drilling activities; and

    c. Other actions and omissions that may become known during the course of this litigation and/or during attempts to repair the issues with HDD's work on the Project.

12. As a direct and proximate result of HDD's negligence, Southern Star incurred damages related to repairing HDD's defective work and delays in completing the Project.

WHEREFORE, Southern Star respectfully requests that this Court enter judgment in its favor and against HDD on Count I of its Counterclaim for an amount in excess of $75,000, award Southern Star its costs incurred herein, and for all such further and additional relief as this Court deems just.

## JURY TRIAL DEMAND

Southern Star requests a trial by jury on all claims so triable in the above-captioned case.

Respectfully submitted,

SPENCER FANE LLP

/s/ *Thomas Hiatt*

| Douglas M. Weems, | KS #14771 |
| David A. Schatz, | KS #20601 |
| Thomas Hiatt, | KS #27105 |

1000 Walnut St., Suite 1400
Kansas City, MO 64106-2140
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
dweems@spencerfane.com
dschatz@spencerfane.com
thiatt@spencerfane.com

*Attorneys for Defendant Southern Star Central Gas Pipeline, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 4th day of June, 2021, with notice of case activity generated and sent to all counsel of record.

/*s/ Thomas Hiatt*
*Attorney for Defendant*